**Vardan CHICHIAN, Liana Chichian Petitioners,**

v.

**U.S. CITIZENSHIP & IMMIGRATION SERVICES, by its District Director of New York District, Alberto R. Gon-**

zales,[1] Attorney General of United States Respondent.

No. 04–6089–AG(L).

United States Court of Appeals, Second Circuit.

May 22, 2006.

Paulette Detiberiis, New York, New York, for Petitioners.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JOSEPH M. MCLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Vardan Chichian, docketed under 04–6089 and his wife, Liana Chichian, docketed under 04–6100, petition for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Gabriel C. Videla denying their applications for asylum and withholding of deportation. Vardan Chichian ("Chichian") submitted four different asylum applications—one in 1992, 1993, 1994, and 1997 respectively—and his wife, Liana, submitted one in 1992 before applying as a derivative of his application. Chichian also underwent an interview with an asylum officer in 1995. We consolidate the petitions for review because Liana's application is a derivative of her husband's; therefore, their claims are identical. We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found Chichian incredible based on material inconsistencies among his four asylum applications, the application of his wife, his interview at the asylum office, and his and his wife's testimony. The IJ's finding is supported by substantial evidence in the record and is a reasonable basis for finding Chichian not credible, because these inconsistencies involve the heart of his asylum claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

In their 1992 applications, and Chichian's 1993 application, the Chichians requested asylum relief, in part, because they claimed to have been victims of the 1988 earthquake and lost all of their belongings. However, not only is there no mention of the earthquake in Chichian's 1994 and 1997 applications, but Chichian's wife testified that nothing happened to their home during the earthquake, and both testified that the economic consequences of the earthquake were not a factor in the couple coming to the United States and seeking asylum. Further, both Chichian and his wife claimed in their 1992 applications that they did not think anything would happen to them if they were returned to Armenia.

In his 1993 asylum application, Chichian claimed that he was seeking asylum, in part, because his daughter was born prematurely and needed care that was unavailable in Armenia, and he had been harassed and beaten by "freedom fighters" due to his opposition to the war in Azerbaijan. However, in his 1997 application, Chichian failed to mention that his daughter's health was a factor in his decision to seek asylum. Further, in his 1994 application, Chichian claimed, for the first time, that he was seeking asylum based on being persecuted throughout his life for his Christian faith, including being persecuted for his refusal to respond to the alleged threats from "freedom fighters" who tried to coerce him into fighting in the war in Azerbaijan—a war that he opposed because, "[a]s a devoted Christian ... [he could] not take weapons to kill other people." At his asylum interview in 1995, however, Chichian told the asylum officer that he feared being drafted into the army and being beaten "on the back," but he did not claim that he opposed the draft because of his alleged religious beliefs or that he was being drafted in retaliation for his purported political activities. Further, in both his 1997 application and in his in-court testimony, Chichian made no mention of persecution due to his Christian faith, but based his request for relief on a claim that was absent from his three prior applications, his wife's application, and his asylum interview—namely, that he and his wife were beaten and he was threatened because of his involvement with the Armenian Revolutionary Federation and his previous involvement with the Armenian National Movement.

The IJ evaluated Chichian's explanations for the inconsistencies and found

them not only to be unreasonable, but also "inexcusable," in that Chichian failed to "abide by the spirit and letter of the law" by failing "to show a basic interest in [his] I–589's by failing to verify their contents." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–165 (2d Cir.2006); *cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005). Because Chichian has been found to be incredible, he did not demonstrate a well-founded fear of persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Since the only evidence of a threat to Chichian's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of deportation. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petition is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).